**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Arnold Castro MOBO, aka Arnold Charles Mobo, Defendant—Appellant.**

No. 01–30259.

D.C. No. CR–00–05476–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2002.[*]

Decided Nov. 21, 2002.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Arnold Castro Mobo appeals his 84-month sentence following his jury-trial conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Mobo contends that the district court erred by denying his request for a three-level downward adjustment in his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. We review for clear error the district court's factual determination whether the defendant accepted responsibility for his offense. *United States v. Velasco–Medina*, 305 F.3d 839, 852–531 (9th Cir.2002) (observing that the "determination of the sentencing judge is entitled to great deference on review" because of the sentencing judge's "unique position to evaluate a defendant's acceptance of responsibility") (quoting U.S.S.G. § 3E1.1, cmt. n. 5).

On our review of the record, we cannot say the district court clearly erred because, at trial, Mobo vigorously contested his guilt and he expressed remorse only after the jury returned a guilty verdict against him. *See Velasco–Medina*, 305 F.3d at 853–54 (affirming denial of acceptance of responsibility where the district court acknowledged defendant's right to put the Government to its burden of proof, but denied the adjustment because, at trial, defendant evaded responsibility for his offense); *see also* U.S.S.G. § 3E1.1, cmt. n. 2 (noting that, in the case of a defendant who goes to trial, the determination that the "defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct").

## AFFIRMED.

BOOCHEVER, Circuit Judge, dissenting.

Because I believe the district court judge clearly erred in determining that Arnold Mobo did not accept responsibility for his offense, I respectfully dissent.

Mobo, a felon, rented some firearms at a shooting range for practice. He was arrested and went to trial for being a felon in possession of a firearm. He received an 84-month sentence. Throughout, he admitted that he was a felon and had used the guns. He claimed that at the time he was ignorant that renting guns at a shooting range constituted prohibited possession.

The government argued at trial that it was immaterial to the required "knowing possession" of a firearm whether Mobo thought shooting at a shooting range would constitute possession ("the knowledge element is that he knows that what's in his hand is a gun") Mobo eventually was convicted by a jury that must have understood that it was immaterial whether Mobo, at the shooting range, did not believe that activity constituted possession. It was enough that he knew he had a gun in his hand, and he always accepted responsibility for those required elements of the crime.

At sentencing, Mobo's counsel pointed out that "[o]n the very day that he fired those weapons, . . . he acknowledged every essential element of the charge . . . which is that he was a convicted felon, that he was firing those weapons." The government answered that he "still [has] not accepted responsibility for this crime," arguing that Mobo knew going into the range that he would be "possessing" weapons if he handled them.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

But it is immaterial whether Mobo knew, going in to the shooting range, that he would be violating the statute. It is not an element of the crime that the defendant know that a particular use of a firearm is included in the prohibition on possession. The government admitted as much:

> It is not a question of whether the purpose was illegal or not. That's not an element of the charge, as the Court can tell from the statute. It is not something that the government has to prove at trial. Merely possession [the gun] is the crime in and of itself. Here we have a stark example of why that is.

Mobo admitted all the elements of the crime and expressed remorse. To accept responsibility he did not have to say that he knew, going into the shooting range, that he would be violating the law. The court cannot require him to admit to something that is not an element of the offense before granting him an acceptance of responsibility reduction.

Nevertheless, the district court did just that, by denying Mobo the downward departure. The court apparently believed that Mobo had not accepted responsibility on all the elements of the offense. The court wanted Mobo to admit that he had the gun "for a bad purpose" [ER p. 185], but as the government explained above, that had nothing to do with the elements of the charged offense.

The court required Mobo to admit to more than was required to find him guilty under the statute, and I think that is legal error. If it were otherwise, a defendant who went into the shooting range knowing he was about to commit a crime would be entitled to a reduction if he admitted his knowledge, along with the required elements of the crime. A defendant like

Mobo, who did not plan to commit a crime when he entered the shooting range, could not receive the reduction because, even though he admitted his guilt on all the required elements of the crime, he did not admit a prior intent to violate the statute. The less culpable defendant could not receive the reduction. That cannot be correct, and I therefore cannot join the majority disposition.